UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVE GREGORY,
an individual,

    Plaintiff,

vs.

CASE NO:

TAYLOR PROPERTIES CENTRE, LLC;
and MY ITALY, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Steve Gregory ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues TAYLOR PROPERTIES CENTRE, LLC, and MY ITALY, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court

for the Northern District of Alabama.

3. Plaintiff, Steve Gregory (hereinafter referred to as "Gregory") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Gregory suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from quadriparesis, requires a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Gregory visited the Defendants' premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Gregory continues to desire and intends to visit the Defendants' premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, TAYLOR PROPERTIES CENTRE, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief TAYLOR PROPERTIES CENTRE, LLC  (hereinafter referred to as "TPC ") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: the Greystone Centre Shopping Center and Amore Italian Restaurant located at 5510 Hwy 280 in Birmingham, Alabama (hereinafter referred to as the "Shopping Center" and "Restaurant," respectively).

5. The Defendant, MY ITALY, LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief MY ITALY, LLC (hereinafter referred to as "MI") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: the Amore Italian Restaurant located at 5510 Hwy 280, Suite 116, in Birmingham, Alabama (hereinafter referred to as the "Restaurant").

6. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shopping Center and Restaurant owned by TPC and MI is a place of public accommodation in that they are a retail shopping center and restaurant owned and operated by private entities that provide goods and services to the public.

9. Defendants have discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center and Restaurant in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center and Restaurant owned and operated by TPC and MI. Prior to the filing of this lawsuit, Plaintiff visited the Shopping Center and Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 12, below, that he personally encountered. In addition, Plaintiff continues to desire and intends to visit the Shopping Center and Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Shopping Center and Restaurant in violation of the ADA. Gregory has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. TPC and MI are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

### Greystone Centre Shopping Center

    i. No van accessible parking is provided for a wheelchair user with a lift or ramp equipped van such as Plaintiff;

    ii. One parking space is identified as van accessible, but it and the adjacent access aisle are too narrow for a ramp or lift equipped wheelchair van such as Plaintiff's;

    iii. Parking spaces with some indicia of accessibility lack raised signage or have signs mounted too low to be seen over parked vehicles;

    iv. Curb ramps protrude into most access aisles such that no level access aisles are provided at the majority of accessible parking spaces provided as necessary for a wheelchair user;

    v. Curb ramps provided have flared sides that are too steep for a

        wheelchair user;

vi. Vehicles parked in parking spaces adjacent to the accessible route are allowed to overhang and obstruct the accessible route such that a wheelchair user cannot access all tenant spaces from some parking spaces designated as accessible;

vii. There are ramp runs on the second floor of the shopping center that lack necessary handrails;

**Amore Italian Restaurant**

viii. There is insufficient clear floor space to enter the men's toilet room for a wheelchair user;

ix. There are no grab bars at the water closet necessary for a wheelchair user;

x. The toilet paper dispenser is out of reach for a wheelchair user;

xi. There is insufficient knee and toe clearance at the lavatory for a wheelchair user;

xii. The mirror is too high for a wheelchair user;

xiii. There is insufficient wheelchair maneuvering clearance to exit the toilet room;

13. There are other current barriers to access and violations of the ADA at

the Shopping Center and Restaurant owned and operated by TPC and MI that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, TPC and MI were required to make its Shopping Center and Restaurant, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, TPC and MI have failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the

extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against TPC and MI and requests the following injunctive and declaratory relief:

A. That the Court declare that the property owned and administered by Defendants is violative of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 23rd day of January, 2020

Respectfully submitted,

By: /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com